IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS HENDON,

      Plaintiff,                         No. CIV S- 07-0514 GEB KJM P

   vs.

CDCR, et al.,

      Defendants.                  FINDINGS & RECOMMENDATIONS

_____/

      Plaintiff is a state prison inmate proceeding pro se with a civil rights action. Plaintiff seeks relief under 42 U.S.C. § 12132 and 29 U.S.C. § 794. Defendants have filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that they are immune from suit under the Eleventh Amendment to the United States Constitution.

I. <u>The Motion To Dismiss</u>

   A. <u>Background</u>

      Plaintiff is assigned to the Psychiatric Services Unit (PSU), a program for inmates with serious psychiatric disabilities. Am. Compl. ¶ 10. In the amended complaint filed March 2, 2007, plaintiff alleges that defendants CDCR, Schwarzenegger and Kernan "adopted, implemented, ratified, and/or failed to abolish" a policy that functions to exclude plaintiff and

1

other PSU inmates from directly accessing the law library. Id. ¶ 11. Plaintiff explains that under the current policy PSU inmates are required to utilize the paging system rather than receive physical access to the law library, unless they have a court deadline. Id. Under the paging system, inmates "locked in their cells must know in advance the precise book, case and page citation they want copied–which excludes the use of reporters, digests and other common methods of finding relevant case law," and they are limited to 30 pages per request with a limit of one request per week. Id. at 16.[1] Plaintiff further alleges that the law library is routinely available to non-disabled administratively segregated (AdSeg) inmates with security and control needs identical to those of PSU inmates. Id. ¶ 11.

In their motion to dismiss, defendants argue that under the Eleventh Amendment to the United States Constitution, they are immune from suit brought under 42 U.S.C. § 1983. In his opposition, plaintiff states that his claim is governed by 42 U.S.C. § 12132 and 29 U.S.C. § 794, and not 42 U.S.C. § 1983. In reply, defendants assert the action should be dismissed because plaintiff has failed to state a claim for which relief may be granted under Title II of the ADA. Defendants state that plaintiff has failed to show he qualified as disabled under the Act and failed to allege he was denied benefits solely by reason of his disability. They assert that both AdSeg and PSU inmates receive the same access to the library. Reply at 3. They further allege that plaintiff had direct access to the law library nine times and received paging and other legal materials a total of thirty-one times. Id. at 3-4.

    B.  Standards For A Motion To Dismiss

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

---

[1] Plaintiff's exhibits are not numbered; the page numbers listed are assigned by the CM-ECF system.

Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

C. Analysis

Defendants argue they are immune from suit under the Eleventh Amendment to the United States Constitution. There are three exceptions to Eleventh Amendment immunity. First, Eleventh Amendment immunity cannot be invoked when a state consents to suit in federal court. Blatchford v. Native Village of Noatak and Circle Village, 501 U.S. 775, 780-81 (1991). Second, the Eleventh Amendment does not bar suit against a government official when prospective relief is sought. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 73 (1996) (citing Ex parte Young, 209 U.S. 123 (1908)). Third, under § 5 of the Fourteenth Amendment, Congress may abrogate a state's sovereign immunity by making its intention unmistakably clear in the language of the statute. Id. at 55-56.

Here, the state has not consented to suit and plaintiff does not seek prospective relief, so the proper inquiry is whether Congress has abrogated the state's sovereign immunity in the language of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132, and the Rehabilitation Act of 1973, 29 U.S.C. § 794. "[T]here is no significant difference in the analysis of rights and obligations created" by the ADA and the Rehabilitation Act, therefore, analysis of the ADA claim will apply with equal force to the Rehabilitation Act claim. Vinson v. Thomas, 288 F.3d 1145, 1152 n.7 (9th Cir. 2002).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such

3

1  entity." 42 U.S.C. § 12132.  Title II authorizes suits by private citizens for money damages
2  against public entities that violate section 12132.  42 U.S.C. § 12133 (incorporating by reference
3  29 U.S.C. § 794a).

4        In United States v. Georgia, 546 U.S. 151, 154 (2006), the Court explained that
5  the ADA's language creates an " unequivocal expression of Congress's intent to abrogate state
6  sovereign immunity."  The Act provides that " [a] State shall not be immune under the eleventh
7  amendment to the Constitution of the United States from an action in [a] Federal or State court of
8  competent jurisdiction for a violation of this chapter." 42 U.S.C. § 12202.  The Court in Georgia
9  concluded that "insofar as Title II creates a private cause of action for damages against the States
10  for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state
11  sovereign immunity." Georgia, 546 U.S. at 159 (emphasis in original).  Thus, it follows that
12  plaintiff is not barred by sovereign immunity so long as his claims are based on the state's
13  violation of the Fourteenth Amendment.

14        While Georgia revolved around a prisoner's Eighth Amendment right against
15  cruel and unusual punishment, the Court explained that this is not the only Constitutional right
16  applicable in the prison context. Id. at 160-61 (Stevens, J. and Ginsburg, J., concurring).  In
17  Tennessee v. Lane, 541 U.S.509, 533-34 (2004), the Court held that Title II, as applied to the
18  fundamental right of access to the courts, constitutes a valid exercise of Congress's authority to
19  enforce the guarantees of the Fourteenth Amendment.  A prisoner's right of access to the courts
20  may include access to the law library. Bounds v. Smith, 430 U.S. 817, 830 (1977).  Here,
21  plaintiff had pled his denial of physical access to the law library as a result of his placement in
22  PSU.  While there is evidence in the record that plaintiff was permitted physical access to the law
23  library on some occasions, the court cannot say that plaintiff will be unable to prove that a
24  violation of his rights occurred.  At this stage of the case, plaintiff has pled sufficient facts to
25  allow suit to go forward.  Defendants' motion to dismiss for failure to state a claim under Rule
26  12(b)(6), based on claims of sovereign immunity under the Eleventh Amendment to the United

States Constitution, should be denied with respect to defendants CDCR, Schwarzenegger and Kernan.[2]

In their reply, defendants assert that plaintiff failed to state a cognizable claim for relief under Title II of the ADA. The court declines to consider this argument because it was presented for the first time in the defendants' reply brief. See United States v. Wright, 215 F.3d 1020, 1030 n.3 (9th Cir. 2000) (declining to consider arguments raised for the first time in a reply brief). However, even if the defendants had properly raised this issue in their motion to dismiss, plaintiff would nevertheless be permitted to proceed with his suit.

In order to establish a violation of Title II of the ADA, "plaintiff must show that (1) []he is a qualified individual with a disability; (2) []he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).

In light of the less stringent standard that applies to pro se pleadings, it cannot be said, beyond doubt, that plaintiff cannot prove facts in support of his claim that would entitle him to relief. First, plaintiff has pled that "he is assigned to a program for inmates with serious psychiatric disabilities called the Psychiatric Services Unit." Am. Compl. ¶ 10. Second, plaintiff has pled that he was routinely excluded from the law library. Id. ¶ 11. Third, plaintiff has pled that "on the basis of [his] disability, plaintiff [] and others similarly situated have been denied equal access to the [law] library." Id. ¶ 12. Thus, at this stage of the proceeding, plaintiff has presented sufficient facts to move forward with his claim.

/////

---

[2] Defendants Schwarzenegger and Kernan are sued in their official capacities and therefore the suit is against the government entity they represent. Kentucky v. Graham, 473 U.S. 159, 165 (1985).

II. <u>Supplemental Jurisdiction Over State Claims</u>

Plaintiff requests that the court exercise supplemental jurisdiction over his state law claim of negligence under 28 U.S.C. § 1367.  In their motion, defendants request that the court decline to exercise supplemental jurisdiction over this state law claim under 28 U.S.C. § 1367(c)(3), giving the court has discretion to dismiss state law claims when it has dismissed all of plaintiff's federal law claims.  Assuming the court does not dismiss all of plaintiff's federal law claims, defendants' request in this respect as well should be denied, and the court should exercise supplemental jurisdiction over plaintiff's state law claim of negligence.

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 24, 2008.

_____
U.S. MAGISTRATE JUDGE

hend0514.57